# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| SHEILA CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., as successor by ,<br><br>Defendants. | Case No.:1:14-cv-00232-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**(Docket No. 70)** |

Now pending before the Court is Plaintiff's Motion to Compel Production of Documents (Docket No. 70). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## BACKGROUND

The underlying dispute in this action relates to a loan modification by Defendant Bank of America, N.A. ("BANA") on Plaintiff's home mortgage. Plaintiff brings claims for breach of contract, fraud, breach of implied covenant of good faith and fair dealing, equitable estoppel, and intentional infliction of severe emotional distress. *See generally* Am. Compl. (Docket No. 17).

## STANDARD

FRCP 26 states that, in general, any matter relevant to a claim or defense is discoverable. Fed. R. Civ. P. 26(b) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

**MEMORANDUM DECISION AND ORDER - 1**

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Moreover, relevancy does not turn on admissibility – that is, relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See id.*

## DISCUSSION

### A.   Plaintiff's RFP Nos. 7-11

Plaintiff's RFP Nos. 7-11 ask BANA to produce and identify all communication sent or received by specific individuals (Sheila Speller, Ashley Haufle, Janet Home, Denise Wolbert, and Patricia Manson) regarding the at-issue mortgage loan. *See* Mem. in Supp. of MTC, pp. 4-5 (Docket No. 70, Att. 1). As to each such request, BANA responded:

> Subject to and without waiving its objections, BANA responds that it has produced documents containing information responsive to this Request at BANA 01900-BANA 02870.

*See id.* According to Plaintiff, the referenced "BANA 01900-BANA 02870" simply reflects the entire range of documents BANA produced in response to Plaintiff's Second Set of Requests for Production of Documents. *See id.* at p. 8. BANA does not disagree, but counters that (1) it produced responsive documents as they are kept in the usual course of business, as allowed by FRCP 34(b)(2)(E)(i); and (2) it conducted a "diligent search and is not aware of any additional, non-duplicative documents" responsive to these requests. Opp. to MTC, p. 2 (Docket No. 71).

At the outset, it must be said that, in affixing their signatures to BANA's responses to Plaintiff's Second Set of Requests for Production (and, now, BANA's opposition to Plaintiff's Motion to Compel), BANA's counsel is representing under oath that BANA has identified any

**MEMORANDUM DECISION AND ORDER - 2**

documents responsive to RFP Nos. 7-11 and has likewise produced the same. BANA's counsel have duties (as officers of the court) that go along with the signatures to the discovery responses, and the Court will accept their statements that there are no additional documents (as the responses have been framed) – in other words, the Court will not purport to order production of that which BANA claims does not exist or has already produced.

The disconnect, however, is the potential space between what BANA has produced and whether that production actually contains the documents that Plaintiff seeks and has requested. On this point, Plaintiff argues that "no internal communication for each of the named individuals has been produced," despite notations elsewhere making references to such sought-after communications. Mem. in Supp. of MTC, p. 8 (Docket No. 70-1). But BANA's responses state exactly the opposite. *See supra*. To resolve this conundrum, by September 9, 2017, BANA must specifically identify those documents that have been produced which BANA contends are responsive to RFP Nos. 7-11. *See* Schwarzer, Tashima & Wagstaff, *Federal Civil Procedure Before Trial*, (2015) at § 11:1944 ("If the responding party produces a truckload of documents, saying 'this is how they are kept,' the requesting party may seek an order requiring the producing party to segregate the documents into categories."); *see also* 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Procedure*, § 2213 (2014) ("Accordingly, in the first instance the producing party should retain the right to choose between the production formats authorized by Rule 34(b) (but not others), and the court should have the authority where necessary to direct some disclosure of the manner of organization of the producing party's files."). Plaintiff's Motion to Compel is therefore granted, in part, and denied, in part, in this respect.

**MEMORANDUM DECISION AND ORDER - 3**

**B.     Plaintiff's RFP Nos. 12 and 13**

In RFP Nos. 12 and 13, Plaintiff seeks information related to "RMIC and/or Republic Mortgage Insurance Company" regarding the at-issue mortgage loan. *See* Mem. in Supp. of MTC, p. 5 (Docket No. 70, Att. 1). Again, BANA responded:

> Subject to and without waiving its objections, BANA responds that it has produced documents containing information responsive to this Request at BANA 01900-BANA 02870.

*See id*. Thus, these requests present the same situation (and attendant issues) as before. *See supra*. However, unlike before, the information Plaintiff seeks via RFP Nos. 12 and 13 is not relevant.

In a September 29, 2016 order, this Court addressed an earlier motion to compel filed by Plaintiff (in which she sought, among other things, "all documents relating to primary mortgage insurance policies related to the subject mortgage"), this Court stated in relevant part:

> Plaintiff brings five claims, all of which stem from her allegations that Plaintiff and Bank of America entered into a written agreement to modify the terms of the original mortgage on her home. Plaintiff's breach of contract and fraud claims are based on whether there was a modification agreement, and her allegation that Bank of America falsely represented that there was a modified loan agreement.
>
> The discovery Plaintiff seeks fails the Rule 26 standard. Upon review, the Court concludes that the information Plaintiff seeks is not relevant to Plaintiff's breach of contract and fraud claims, or her other claims. At issue is whether there was a loan modification agreement made that Plaintiff can enforce and whether Bank of America made any false representations that Plaintiff relied upon related to the loan modification.

9/29/16 MDO, pp. 3-4 (Docket No. 43) (internal citations omitted); *see also id*. at p. 4, n.3 (holding that discovery relating to securitization of Plaintiff's mortgage is not relevant to claims presented).[1] Here, BANA serviced Plaintiff's loan and, in that capacity, did not/would not make

---

[1] In the subsequent Protective Order, this Court reiterated that BANA is under no obligation to produce information related to any securitization of Plaintiff's loan. *See* 3/17/17 Prot. Order, pp. 1-2 (Docket No. 64). However, this Court allowed discovery "related to internal

**MEMORANDUM DECISION AND ORDER - 4**

any claim to RMIC (a private mortgage insurance company) as to Plaintiff's mortgage; instead, the Federal National Mortgage Association ("Fannie Mae"), as the investor/note owner, makes claims to RMIC for its own benefit. Under these circumstances, insisting upon such information goes too far. Therefore, consistent with this Court's previous directives, Plaintiff's Motion to Compel is denied in this respect.

C.     Plaintiff's RFP Nos. 15 and 17

In RFP Nos. 15 and 17, Plaintiff requests payment information made to or received from investors/beneficiaries (including Fannie Mae) of the at-issue mortgage loan. *See* Mem. in Supp. of MTC, p. 5 (Docket No. 70, Att. 1). BANA objected, variously claiming that such requests seek trade secret/confidential/proprietary information, or information protected by the work product doctrine, attorney-client privilege, and bank examiner privilege. *See id.*[2]

Plaintiff properly can seek information relating to payments she made to BANA, which, in turn, would include related payments from BANA, the loan's servicer, and elsewhere, including Fannie Mae, the investor/note owner. *See, e.g.*, 3/27/15 Order, p. 16 (Docket No. 16) ("Additionally, if this case proceeds through discovery, Clark may obtain relevant information

---

servicing records for Plaintiff's loan including, but not limited to, BANA's internal policies and procedures relating to the servicing, assignment, and/or origination of Plaintiff's loan and loans in general." *Id.* at p. 2.

[2], Unlike previous responses to Plaintiff's Second Set of Requests for Production (*see supra*), BANA does not refer to a specific document production alongside its objections. Indeed, with respect to its responses to RFP Nos. 15 and 17, BANA states that its "investigation is ongoing and supplemental information responsive to [these] request[s] may be provided to [Plaintiff] if such information becomes available." Mem. in Supp. of MTC, p. 5 (Docket No. 70, Att. 1). Even so, in its opposition to Plaintiff's Motion to Compel, BANA states that, "[o]nce again, BANA has produced the documents responsive to this request in the form in which they are kept in the usual course of business allowed by Federal Rule of Civil Procedure 34(b)(2)(E)(i)." Opp. to MTC, p. 6 (Docket No. 71). In this light, this Court understands that BANA has not made a production of documents specific to RFP Nos. 15 and 17.

**MEMORANDUM DECISION AND ORDER - 5**

*related to her account and can present arguments to the Court as the proper accounting of payments, interest, and other matters related to the servicing of the loan.*") (emphasis added); *see also* 3/17/17 Prot. Order, p. 2 (Docket No. 64) (allowing discovery related to BANA's policies and procedures relating to servicing Plaintiff's loans). To the extent BANA claims that such materials contain sensitive information, a protective order is in place to handle such things. *See generally* 3/17/17 Prot. Order, pp. 1-2 (Docket No. 64). BANA shall produce the requested accounting information specific to the at-issue mortgage loan by September 9, 2017. Plaintiff's Motion to Compel is granted in this respect.

C.  **Plaintiff's RFP No. 18**

In RFP No. 18, Plaintiff requests "all documents and communication regarding the underwriting and/or closing of the mortgage modification." Mem. in Supp. of MTC, p. 6 (Docket No. 70, Att. 1). As with responses to RFP Nos. 15 and 17, BANA objected, did not seem to produce any materials, but then said its investigation is ongoing and supplemental information may be provided at a later date. *See id*.

Since the Motion to Compel was filed, it appears that BANA has produced "the underwriting documentation for Plaintiff's loan modification." Opp. to MTC, pp. 7-8 (Docket No. 71). However, Plaintiff contends more documentation exists, is discoverable, and should be produced. *See* Reply in Supp. of MTC, p. 4 (Docket No. 72) ("While some information related to underwriting has been supplemented, Defendant refuses to produce all the records from underwriting pertaining to Plaintiff's 2010 mortgage modification. It is apparent from document BANA 2918, Plaintiff's permanent loan modification was rejected from underwriting in June of 2012, but questions remain why said modification was rejected.") (internal citations omitted).

**MEMORANDUM DECISION AND ORDER - 6**

Given this, the pond is not at all settled on the issue; but neither is the briefing or, for that matter, whether the parties have attempted to meet, confer, and informally resolve their remaining differences on this discrete issue.  For these reasons, Plaintiff's Motion to Compel on this particular topic is denied, without prejudice.  Given the history of this action, the time that has elapsed from its initiation until now, and the upcoming deposition, the parties are ordered to make an immediate meet and confer session toward reaching a solution on any remaining issue in this regard.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Docket No. 70) is GRANTED, in part, and DENIED, in part.

DATED:  **September 6, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge